IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GRAPHICS PROPERTIES HOLDINGS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. _____ |
| | ) | |
| DELL INC., ALIENWARE CORP., | ) | |
| LENOVO GROUP, LTD., LENOVO, INC., | ) | **JURY TRIAL DEMANDED** |
| GATEWAY, INC. AND HEWLETT- | ) | |
| PACKARD CO., | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Graphics Properties Holdings, Inc. ("GPHI") for its Complaint against Defendants Dell Inc., Alienware Corp., Lenovo Group Ltd., Lenovo, Inc., Gateway, Inc. and Hewlett-Packard Co. (collectively, "Defendants"), hereby alleges as follows:

### PARTIES

1.      Plaintiff GPHI is a Delaware corporation with its principal place of business at 56 Harrison Street, Suite 305C, New Rochelle, New York 10801.

2.      Upon information and belief, Defendant Dell Inc. ("Dell") is a Delaware corporation with its principal place of business at One Dell Way, Round Rock, Texas 78682.

3.      Upon information and belief, Defendant Alienware Corp. ("Alienware") is a Florida corporation with its principal place of business at 14591 SW 120th Street, Miami, Florida 33186.

4.      Upon information and belief, Defendant Lenovo Group Ltd. ("Lenovo Hong Kong") is a corporation organized and existing under the laws of Hong Kong, having a principal place of business at 23rd Fl., Lincoln House, Taikoo Place, 979 King's Rd., Quarry Ba, Hong Kong.

5.    Upon information and belief, Defendant Lenovo, Inc. ("Lenovo USA") is a Delaware corporation with its principal place of business at 1009 Think Place, Morrisville, North Carolina 27560.

6.    Upon information and belief, Defendant Gateway Inc. ("Gateway") is a Delaware corporation with its principal place of business at 7565 Irvine Center Drive, Irvine, California 92618.

7.    Upon information and belief, Defendant Hewlett-Packard Co. ("HP") is a Delaware corporation with its principal place of business at 3000 Hanover Street, Palo Alto, California 94304.

## JURISDICTION AND VENUE

8.    This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9.    This Court has personal jurisdiction over each of the Defendants in that each has, directly or though intermediaries, committed acts within Delaware giving rise to this action and/or each has established minimum contacts with Delaware such that the exercise of jurisdiction would not offend traditional notions of fair play and justice.

10.    Venue is proper in this district under 28 U.S.C. § 1391(b), (c) and/or (d) and 28 U.S.C. § 1400(b).

## GPHI'S PATENTS-IN-SUIT

11.    On November 18, 2003, United States Patent No. 6,650,327 ("the '327 patent"), entitled "Display System Having Floating Point Rasterization and Floating Point Framebuffering," was duly and legally issued.  Plaintiff is the owner by assignment of the '327 patent.

2

12.     A true copy of the '327 patent is attached hereto as Exhibit A.

13.     On April 14, 2009, United States Patent No. 7,518,615 ("the '615 patent"), entitled "Display System Having Floating Point Rasterization and Floating Point Framebuffering," was duly and legally issued.  Plaintiff is the owner by assignment of the '615 patent.

14.     A true copy of the '615 patent is attached hereto as Exhibit B.

## COUNT I

## PATENT INFRINGEMENT OF U.S. PATENT NO. 6,650,327

15.     GPHI incorporates by reference each and every allegation of paragraphs 1-14 of this Complaint, as though set forth here in their entirety.

16.     GPHI is the sole owner of the entire right, title and interest in and to the '327 patent, including the right to sue and recover for any and all infringement thereof.

17.     Defendant Dell has been and is now directly infringing the '327 patent by making, using, importing, selling and/or offering to sell computer systems that include a graphics processor unit for providing three-dimensional image processing utilizing floating point formatted data for one or more rasterization processes and/or stores floating point formatted data in a frame buffer prior to display.  For example, without limitation, Defendant Dell is marketing, distributing, using, selling, and/or offering to sell its Inspiron Zino HD, Studio XPS 7100, and Inspiron 570 computers.  These computer systems are covered by one or more of the '327 patent claims and Defendant Dell is thus liable for infringement of the '327 patent pursuant to 35 U.S.C. § 271.

18.     Defendant Dell has been and is now indirectly infringing the '327 patent under 35 U.S.C. §271 (b) and (c)  by making, using, selling, offering to sell and/or promoting computer systems for use and operation that infringe the '327 patent.  The accused Dell computing

systems, as equipped, configured and promoted by Dell form at least a component of, and material part of the invention claimed in the '327 patent and are not staple articles of commerce suitable for substantial non-infringing use.   At least as early as the date of service of this Complaint, Dell has had knowledge of the '327 patent and that the accused Dell products are especially adapted for infringement thereof, and through its extensive efforts at promotion, distribution and sales, intend to induce and have contributed to, and induced distributors, sellers and end users to directly infringe the '327 patent.

19.   Defendant Alienware has been and is now directly infringing the '327 patent by making, using, importing, selling and/or offering to sell computer systems that include a graphics processor unit for providing three-dimensional image processing utilizing floating point formatted data for one or more rasterization processes and/or stores floating point formatted data in a frame buffer prior to display.   For example, without limitation, Defendant Alienware is marketing, distributing, using, selling, and/or offering to sell its M17x and Area-51 ALX computers.   These computer systems are covered by one or more of the '327 patent claims and Defendant Alienware is thus liable for infringement of the '327 patent pursuant to 35 U.S.C. § 271.

20.   Defendant Alienware has been and is now indirectly infringing the '327 patent under 35 U.S.C. §271 (b) and (c) by making, using, selling, offering to sell and/or promoting computer systems for use and operation that infringe the '327 patent.   The accused Alienware computing systems, as equipped, configured and promoted by Alienware form at least a component of, and material part of the invention claimed in the '327 patent and are not staple articles of commerce suitable for substantial non-infringing use.   At least as early as the date of service of this Complaint, Alienware has had knowledge of the '327 patent and that the accused

Alienware products are especially adapted for infringement thereof, and through its extensive efforts at promotion, distribution and sales, intend to induce and have contributed to, and induced distributors, sellers and end users to directly infringe the '327 patent.

21.     Defendants Lenovo Hong Kong and Lenovo USA (hereinafter "Lenovo Defendants") have been and are now directly infringing the '327 patent by making, using, importing, selling and/or offering to sell computer systems that include a graphics processor unit for providing three-dimensional image processing utilizing floating point formatted data for one or more rasterization processes and/or stores floating point formatted data in a frame buffer prior to display. For example, without limitation, the Lenovo Defendants are marketing, distributing, using, selling, and/or offering to sell the ThinkCentre A63 Tower and Lenovo C315 - 40221FU computers. These computer systems are covered by one or more of the '327 patent claims and the Lenovo Defendants are thus liable for infringement of the '327 patent pursuant to 35 U.S.C. § 271.

22.     The Lenovo Defendants have been and are now indirectly infringing the '327 patent under 35 U.S.C. §271 (b) and (c) by making, using, selling, offering to sell and/or promoting computer systems for use and operation that infringe the '327 patent. The accused Lenovo computing systems, as equipped, configured and promoted by the Lenovo Defendants form at least a component of, and material part of the invention claimed in the '327 patent and are not staple articles of commerce suitable for substantial non-infringing use. At least as early as the date of service of this Complaint, the Lenovo Defendants have had knowledge of the '327 patent and that the accused Lenovo products are especially adapted for infringement thereof, and through its extensive efforts at promotion, distribution and sales, intend to induce and have contributed to, and induced distributors, sellers and end users to directly infringe the '327 patent.

23.    Defendant Gateway has been and is now directly infringing the '327 patent by making, using, importing, selling and/or offering to sell computer systems that include a graphics processor unit for providing three-dimensional image processing utilizing floating point formatted data for one or more rasterization processes and/or stores floating point formatted data in a frame buffer prior to display.   For example, without limitation, Defendant Gateway is marketing, distributing, using, selling, and/or offering to sell its NV52 and NV53 Series computers.  These computer systems are covered by one or more of the '327 patent claims and Defendant Gateway is thus liable for infringement of the '327 patent pursuant to 35 U.S.C. § 271.

24.    Defendant Gateway has been and is now indirectly infringing the '327 patent under 35 U.S.C. §271 (b) and (c) by making, using, selling, offering to sell and/or promoting computer systems for use and operation that infringe the '327 patent.  The accused Gateway computing systems, as equipped, configured and promoted by Gateway form at least a component of, and material part of the invention claimed in the '327 patent and are not staple articles of commerce suitable for substantial non-infringing use.  At least as early as the date of service of this Complaint, Gateway has had knowledge of the '327 patent and that the accused Gateway products are especially adapted for infringement thereof, and through its extensive efforts at promotion, distribution and sales, intend to induce and have contributed to, and induced distributors, sellers and end users to directly infringe the '327 patent.

25.    Defendant HP has been and is now directly infringing the '327 patent by making, using, importing, selling and/or offering to sell computer systems that include a graphics processor unit for providing three-dimensional image processing utilizing floating point formatted data for one or more rasterization processes and/or storing floating point formatted

image data in a frame buffer prior to display.  For example, without limitation, Defendant HP is marketing, distributing, using, selling, and/or offering to sell its HP Pavilion Elite HPE-300z series and HP Pavilion Elite HPE-360z series of computers.  These computer systems are covered by one or more of the '327 patent claims and Defendant HP is thus liable for infringement of the '327 patent pursuant to 35 U.S.C. § 271.

26.     Defendant HP has been and is now indirectly infringing the '327 patent under 35 U.S.C. §271 (b) and (c) by making, using, selling, offering to sell and/or promoting computer systems for use and operation that infringe the '327 patent.  The accused HP computing systems, as equipped, configured and promoted by HP form at least a component of, and material part of the invention claimed in the '327 patent and are not staple articles of commerce suitable for substantial non-infringing use.  HP has had knowledge of the '327 patent and that the accused HP products are especially adapted for infringement thereof, and through its extensive efforts at promotion, distribution and sales, intend to induce and have contributed to, and induced distributors, sellers and end users to directly infringe the '327 patent.

## COUNT II

## PATENT INFRINGEMENT OF U.S. PATENT NO. 7,518,615

27.     GPHI incorporates by reference each and every allegation of paragraphs 1-26 of this Complaint, as though set forth here in their entirety.

28.     GPHI is the sole owner of the entire right, title and interest in and to the '615 patent, including the right to sue and recover for any and all infringements thereof.

29.     Defendant Dell has been and is now directly infringing the '615 patent by making, using, importing, selling and/or offering to sell computer systems that include a graphics processor for providing three-dimensional image processing utilizing floating point formatted data for one or more rasterization processes and storing floating point formatted data in a frame

buffer during or after rasterization. For example, without limitation, Defendant Dell is marketing, distributing, using, selling, and/or offering to sell its Inspiron Zino HD, Studio XPS 7100, and Inspiron 570 computers. These computer systems are covered by one or more of the '615 patent claims and Defendant Dell is thus liable for infringement of the '615 patent pursuant to 35 U.S.C. § 271.

30.    Defendant Dell has been and is now indirectly infringing the '615 patent under 35 U.S.C. §271 (b) and (c) by making, using, selling, offering to sell and/or promoting computer systems for use and operation that infringe the '615 patent. The accused Dell computing systems, as equipped, configured and promoted by Dell form at least a component of, and material part of the invention claimed in the '615 patent and are not staple articles of commerce suitable for substantial non-infringing use. At least as early as the date of service of this Complaint, Dell has had knowledge of the '615 patent and that the accused Dell products are especially adapted for infringement thereof, and through its extensive efforts at promotion, distribution and sales, intend to induce and have contributed to, and induced distributors, sellers and end users to directly infringe the '615 patent.

31.    Defendant Alienware has been and is now directly infringing the '615 patent by making, using, importing, selling and/or offering to sell computer systems that include a graphics processor for providing three-dimensional image processing utilizing floating point formatted data for one or more rasterization processes and storing floating point formatted data in a frame buffer during or after rasterization. For example, without limitation, Defendant Alienware is marketing, distributing, using, selling, and/or offering to sell its M17x and Area-51 ALX computers. These computer systems are covered by one or more of the '615 patent claims and

Defendant Alienware is thus liable for infringement of the '615 patent pursuant to 35 U.S.C. § 271.

32.   Defendant Alienware has been and is now indirectly infringing the '615 patent under 35 U.S.C. §271 (b) and (c) by making, using, selling, offering to sell and/or promoting computer systems for use and operation that infringe the '615 patent.  The accused Alienware computing systems, as equipped, configured and promoted by Alienware form at least a component of, and material part of the invention claimed in the '615 patent and are not staple articles of commerce suitable for substantial non-infringing use.  At least as early as the date of service of this Complaint, Alienware has had knowledge of the '615 patent and that the accused Alienware products are especially adapted for infringement thereof, and through its extensive efforts at promotion, distribution and sales, intend to induce and have contributed to, and induced distributors, sellers and end users to directly infringe the '615 patent.

33.   Defendants Lenovo Hong Kong and Lenovo USA (hereinafter "Lenovo Defendants") have been and are now directly infringing the '615 patent by making, using, importing, selling and/or offering to sell computer systems that include a graphics processor for providing three-dimensional image processing utilizing floating point formatted data for one or more rasterization processes and storing floating point formatted data in a frame buffer during or after rasterization.  For example, without limitation, the Lenovo Defendants are marketing, distributing, using, selling, and/or offering to sell the ThinkCentre A63 Tower 4013 and Lenovo C315 - 40221FU computers.  These computer systems are covered by one or more of the '615 patent claims and the Lenovo Defendants are thus liable for infringement of the '615 patent pursuant to 35 U.S.C. § 271.

34.     The Lenovo Defendants have been and are now indirectly infringing the '615 patent under 35 U.S.C. §271 (b) and (c) by making, using, selling, offering to sell and/or promoting computer systems for use and operation that infringe the '615 patent. The accused Lenovo computing systems, as equipped, configured and promoted by the Lenovo Defendants form at least a component of, and material part of the invention claimed in the '615 patent and are not staple articles of commerce suitable for substantial non-infringing use. At least as early as the date of service of this Complaint, the Lenovo Defendants have had knowledge of the '615 patent and that the accused Lenovo products are especially adapted for infringement thereof, and through its extensive efforts at promotion, distribution and sales, intend to induce and have contributed to, and induced distributors, sellers and end users to directly infringe the '615 patent.

35.     Defendant Gateway has been and is now directly infringing the '615 patent by making, using, importing, selling and/or offering to sell computer systems that include a graphics processor for providing three-dimensional image processing utilizing floating point formatted data for one or more rasterization processes and storing floating point formatted data in a frame buffer during or after rasterization. For example, without limitation, Gateway is marketing, distributing, using, selling, and/or offering to sell its NV52 and NV53 Series computers. These computer systems are covered by one or more of the '615 patent claims and Defendant Gateway is thus liable for infringement of the '615 patent pursuant to 35 U.S.C. § 271.

36.     Defendant Gateway has been and is now indirectly infringing the '615 patent under 35 U.S.C. §271 (b) and (c) by making, using, selling, offering to sell and/or promoting computer systems for use and operation that infringe the '615 patent. The accused Gateway computing systems, as equipped, configured and promoted by Gateway form at least a component of, and material part of the invention claimed in the '615 patent and are not staple

articles of commerce suitable for substantial non-infringing use.  At least as early as the date of service of this Complaint, Gateway has had knowledge of the '615 patent and that the accused Gateway products are especially adapted for infringement thereof, and through its extensive efforts at promotion, distribution and sales, intend to induce and have contributed to, and induced distributors, sellers and end users to directly infringe the '615 patent.

37.     Defendant HP has been and is now directly infringing the '615 patent by making, using, importing, selling and/or offering to sell computer systems that include a graphics processor for providing three-dimensional image processing utilizing floating point formatted data for one or more rasterization processes and storing floating point formatted data in a frame buffer during or after rasterization.  For example, without limitation, Defendant HP is marketing, distributing, using, selling, and/or offering to sell its HP Pavilion Elite HPE-300z series and HP Pavilion Elite HPE-360z series of computers.  These computer systems are covered by one or more of the '615 patent claims and Defendant HP is thus liable for infringement of the '615 patent pursuant to 35 U.S.C. § 271.

38.     Defendant HP has been and is now indirectly infringing the '615 patent under 35 U.S.C. §271 (b) and (c) by making, using, selling, offering to sell and/or promoting computer systems for use and operation that infringe the '615 patent.  The accused HP computing systems, as equipped, configured and promoted by HP form at least a component of, and material part of the invention claimed in the '615 patent and are not staple articles of commerce suitable for substantial non-infringing use.  At least as early as the date of service of this Complaint, HP has had knowledge of the '615 patent and that the accused HP products are especially adapted for infringement thereof, and through its extensive efforts at promotion, distribution and sales,

intend to induce and have contributed to, and induced distributors, sellers and end users to directly infringe the '615 patent.

## WILLFUL INFRINGEMENT

Defendants have had knowledge of the '327 and/or '615 patents, but nonetheless have continued their infringing activities, and thus their infringement has been deliberate, willful and wanton, warranting a finding that this case is "exceptional" pursuant to 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

1.     A judgment in favor of Plaintiff that Defendants have infringed, directly, jointly, and/or indirectly, by way of inducing and/or contributing to the infringement of the '327 patent;

2.     A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '327 patent;

3.     A judgment and order requiring Defendants to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '327 patent as provided under 35 U.S.C. § 284;

4.     A judgment in favor of Plaintiff that Defendants have infringed, directly, jointly, and/or indirectly, by way of inducing and/or contributing to the infringement of the '615 patent;

5.     A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '615 patent;

6.     A judgment and order requiring Defendants to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '615 patent as provided under 35 U.S.C. § 284;

7.     An award to Plaintiff of treble damages resulting from the knowing, deliberate, and willful nature of Defendants' prohibited conduct with notice being made as of the date of correspondence with each Defendant, or at least as early as the date of the filing of this Complaint, as provided under 35 U.S.C. § 284;

8.     A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees; and

9.     Any and all other relief to which Plaintiff may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Julia Heaney (#3052)
1201 N. Market Street, 18th Floor
Wilmington, DE 19899-1347
(302) 658-9200
 jheaney@mnat.com
*Attorneys for Plaintiff,*
*Graphic Properties Holdings, Inc.*

OF COUNSEL:

James M. Bollinger
Laura E. Krawczyk
Suraj K. Balusu
TROUTMAN SANDERS LLP
405 Lexington Avenue
New York, NY  10174
(212) 704-6000

November 18, 2010
3907568